IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

---

| | |
|---|---|
| CLIFFORD ROBERT WHITE, ) <br> Individually and as Administrator and ) <br> Heir at Law of the Estate of ) <br> GINA LENORE WHITE, Deceased, ) <br> ) <br> Plaintiffs, ) <br> v. ) <br> ) <br> HENDERSON COUNTY, TENNESSEE; ) <br> HENDERSON COUNTY SHERIFF'S ) <br> DEPARTMENT; SHERIFF BRIAN DUKE, ) <br> Individually and in His Official Capacity as ) <br> Sheriff; ANTHONY WOODFIN, Individually ) <br> and in His Official Capacity as Captain/ ) <br> Jail Administrator; JACKIE BAUSMAN, ) <br> Individually and in His Official Capacity as ) <br> Lieutenant at the Henderson County Jail; and ) <br> ERIC HATCHETT, Individually and in his ) <br> Official Capacity as Sergeant at the ) <br> Henderson County Jail; ) <br> ) <br> Defendants. ) | No. 16-1020-STA-egb |

---

**ORDER GRANTING IN PART, DENYING IN PART DEFENDANT'S MOTION FOR PARTIAL DISMISSAL**

---

Before the Court is Defendants Henderson County et al.'s Motion for Partial Dismissal (ECF No. 8) filed on March 21, 2016. Plaintiff Clifford Robert White has responded in opposition. For the reasons set forth below, Defendants' Motion to Dismiss is **GRANTED in part, DENIED in part**.

## BACKGROUND

Plaintiff's Complaint alleges claims for federal civil rights violations under 42 U.S.C. § 1983 and state law claims sounding in negligence under the Tennessee Governmental Tort Liability Act ("TGTLA"). Plaintiff specifically alleges that Defendants failed to provide adequate medical care to Plaintiff's decedent Gina Lenore White ("Plaintiff's decedent") who was incarcerated at the Henderson County Criminal Justice Center ('the jail"). According to the Complaint, Plaintiff's decedent was arrested on or about January 1, 2015, and taken to the jail. Briefly, the Complaint alleges that in the weeks after her arrest, Plaintiff's decedent experienced a dramatic decline in her health. By early February 2015, Plaintiff's decedent was so ill she was no longer able to meet her own physical needs and could not control her bodily functions. The Complaint alleges that despite obvious signs Plaintiff's decedent urgently needed medical care, Defendants failed to take any action to meet her serious health needs. Plaintiff's decedent died in custody on February 7, 2015. Based on the facts alleged, Plaintiff asserts the following claims against Defendants under § 1983 and state law: denial of medical care; wrongful death; negligent hiring, training, and supervision; gross negligence, intentional conduct, and willful, reckless, and wanton misconduct; and liability under the TGTLA.

In their Motion for Partial Dismissal, Defendants argue that Plaintiff's Complaint fails to state all of its claims. Defendants first contend that Henderson County, and not the Henderson County Sheriff's Department, is the proper party to this action. Defendants also contend that Plaintiff's claims against the officers in their official capacities are actually claims against Henderson County. And insofar as the Complaint can be read to allege claims under the Tennessee Constitution, Defendants argue that no such claim is available and is therefore subject

2

to dismissal.  Finally, Defendants ask the Court to decline to exercise supplemental jurisdiction over Plaintiff's state law tort claims under the TGTLA.  Defendants argue that under Tennessee law the circuit courts of Tennessee have exclusive original jurisdiction over these claims.

Plaintiff has responded in opposition to the Motion for Partial Dismissal but only in part. Plaintiff concedes that his claim against the Henderson County Sheriff's Department and his official capacity claims against the Sheriff and the other officers are properly considered claims against Henderson County itself.  Plaintiff does request that the Court not dismiss the official capacity claims against the Sheriff and the other officers because they are necessary parties to the case.  Plaintiff also clarifies that he is not pursuing any claim based on the Tennessee Constitution.  Plaintiff does not oppose the dismissal of these particular claims.  Plaintiff does oppose a dismissal of his claims under the TGTLA, arguing that the Court should exercise supplemental jurisdiction over the claims.  Plaintiff raises a number of grounds for keeping these claims in federal court.  Plaintiff insists the exclusive original jurisdiction vested in the Tennessee circuit courts over TGTLA claims was meant to preclude jurisdiction in the general sessions courts, not the courts of the United States.  Plaintiff further argues that in a reported decision, then United States District Judge Bernice B. Donald rejected the notion that the Tennessee legislature could limit this Court's jurisdiction.  Plaintiff asks the Court to follow Judge Donald's reasoning and conclude that the exercise of supplemental jurisdiction would be proper.

## **STANDARD OF REVIEW**

A defendant may move to dismiss a claim "for failure to state a claim upon which relief can be granted" under Federal Rule of Civil Procedure 12(b)(6).  When considering a Rule

3

12(b)(6) motion, the Court must treat all of the well-pleaded allegations of the pleadings as true and construe all of the allegations in the light most favorable to the non-moving party. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Saylor v. Parker Seal Co.*, 975 F.2d 252, 254 (6th Cir. 1992). However, legal conclusions or unwarranted factual inferences need not be accepted as true. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). "To avoid dismissal under Rule 12(b)(6), a complaint must contain either direct or inferential allegations with respect to all material elements of the claim." *Wittstock v. Mark a Van Sile, Inc.*, 330 F.3d 899, 902 (6th Cir. 2003).

Under Rule 8 of the Federal Rules of Civil Procedure, a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although this standard does not require "detailed factual allegations," it does require more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal,* 556 U.S. 662, 681 (2009); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007). *See also Reilly v. Vadlamudi*, 680 F.3d 617, 622 (6th Cir. 2012) (quoting *Twombly,* 550 U.S. at 555). In order to survive a motion to dismiss, the plaintiff must allege facts that, if accepted as true, are sufficient "to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555, 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## ANALYSIS

**I. Plaintiff's Conceded Claims**

The Court holds that Plaintiff's Complaint has failed to state all of its claims relief. As a threshold matter, Plaintiff has conceded his claims against the Henderson County Sheriff's Department and any claim for the violation of the Tennessee Constitution. With respect to his claims against the individual Defendants in their official capacities, Plaintiff maintains that each is a necessary party to the suit. And yet "individuals sued in their official capacities stand in the shoes of the entity they represent." *Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003) (citing *Kentucky v. Graham,* 473 U.S. 159, 165, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985)). When government employees like the individual Defendants are sued in their official capacities, the action "is equivalent to a suit against" their municipal employer. *Knott v. Sullivan*, 418 F.3d 561, 574-75 (6th Cir. 2005). The Court holds that the dismissal of the official capacity claims against the individual Defendants is proper. What is more, the claims against the individual Defendants in their respective individual capacities remain, thereby ensuring that each individual Defendant continues to be a real party in interest to the action. Therefore, Defendants' Motion to Dismiss is **GRANTED** as to each of these issues.

## II. Supplemental Jurisdiction Over Plaintiff's TGTLA Claims

The only contested issue presented in the Motion for Partial Dismissal is whether the Court should exercise supplemental jurisdiction over Plaintiff's TGTLA claims. "[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28. U.S.C. § 1367(a). "With respect to supplemental jurisdiction in particular, a federal court has subject-matter jurisdiction over specified state-law claims,

which it may (or may not) choose to exercise." *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009). "[I]f there is some basis for original jurisdiction, the default assumption is that the court will exercise supplemental jurisdiction over all related claims." *Veneklase v. Bridgewater Condos, L.C.*, 670 F.3d 705, 716 (6th Cir. 2012) (*Campanella v. Commerce Exch. Bank,* 137 F.3d 885, 892 (6th Cir. 1998)). Still district courts may decline to exercise supplemental jurisdiction over a related claim if any of the following apply:

> (1) the claim raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.
>
> § 1367(c).

Even when one of these statutory conditions applies, the district court may nevertheless exercise supplemental jurisdiction over state law claims "if recommended by a careful consideration of factors such as judicial economy, convenience, fairness, and comity." *Carnegie-Mellon Univ. v. Cohill,* 484 U.S. 343, 350 (1988). The district court enjoys "broad discretion" in this regard. *Phaneuf v. Collins*, 509 F. App'x 427, 434 (6th Cir. 2012) (citing *Musson Theatrical, Inc. v. Fed. Express Corp.,* 89 F.3d 1244, 1254 (6th Cir. 1996)).

The Court will exercise its discretion under 28 U.S.C. § 1367(c) and accept supplemental jurisdiction over Plaintiff's TGTLA claims. It is undisputed that Plaintiff's § 1983 claims and TGTLA claims "form part of the same case or controversy." 28. U.S.C. § 1367(a). Both sets of claims arise from Defendants' alleged acts and omissions during the incarceration of Plaintiff's decedent in January and February 2015. As a result, the Court holds that it has supplemental jurisdiction over Plaintiffs' TGTLA claims pursuant to 28 U.S.C. § 1367(a).

The Court does find that this case presents an exceptional circumstance in that there are other compelling reasons for declining jurisdiction under 28 U.S.C. § 1367(c)(3). Tenn. Code Ann. § 29–20–307 states that Tennessee "circuit courts shall have exclusive original jurisdiction over any action brought under [the TGTLA]." Tenn.Code Ann. § 29–20–307. As the Sixth Circuit held in *Gregory v. Shelby County*, "the Tennessee legislature expressed a clear preference that TGTLA claims be handled by its own state courts" and "[t]his unequivocal preference of the Tennessee legislature is an exceptional circumstance for declining jurisdiction" under § 1367(c)(3). *Gregory v. Shelby Cnty., Tenn.*, 220 F.3d 433, 446 (6th Cir. 2000).

Even so, the Court's jurisdictional analysis does not end just because one of the factors enumerated in § 1367(c) applies in this case. The presence of one of the § 1367(c) factors simply means that the Court is permitted (but not required) to exercise its broad discretion and decline to hear Plaintiffs' TGTLA claims. *See Jenkins v. Hardeman Cnty.,Tenn.*, 13-2054, 2013 WL 5593048, at *8 (W.D. Tenn. Oct. 10, 2013) (declining to exercise supplemental jurisdiction and dismissing state law claims without prejudice); *Hullett v. DeKalb Cnty., Tenn.*, 2:11-0016, 2012 WL 398288 (M.D. Tenn. Feb. 7, 2012) (rejecting the defendants' argument that the district court lacked subject matter jurisdiction over TGTLA claims but declining to exercise supplemental jurisdiction any way); *King v. Anderson Cnty., Tenn.*, 3:10-CV-420, 2010 WL 4791889, at *3 (E.D. Tenn. Nov. 18, 2010) (granting the plaintiff's motion to remand and declining to exercise supplemental jurisdiction over TGTLA claims). The relevant statutory language is permissive, stating that "[t]he district courts *may* decline to exercise supplemental jurisdiction" under the specific circumstances defined in the paragraph.

The Court must now balance a number of other "factors such as judicial economy, convenience, fairness, and comity" to determine whether it would be a proper exercise of discretion to retain supplemental jurisdiction over the TGTLA claims. Additionally, the Sixth Circuit reviews a district court's determination about the exercise of supplemental jurisdiction under an abuse-of-discretion standard. *Wee Care Child Ctr., Inc. v. Lumpkin*, 680 F.3d 841, 849 (6th Cir. 2012). It follows that the presence of a compelling reason to decline jurisdiction does not require the Court to decline jurisdiction.

Based on its balancing of these factors, the Court accepts supplemental jurisdiction over Plaintiffs' TGTLA claims. First, the Court finds that the comity factor strongly weighs in favor of declining jurisdiction due to Tennessee's "clear preference" to have TGTLA claims heard in Tennessee circuit courts. The comity doctrine "counsels lower federal courts to resist engagement in certain cases falling within their jurisdiction" out of "a proper respect for state functions, a recognition of the fact that the entire country is made up of a Union of separate state governments, and a continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in separate ways." *Levin v. Commerce Energy, Inc.*, 560 U.S. 413, 421 (2010) (citation omitted). But this single factor is not dispositive of the question. As for the remaining factors, the Court finds that the dismissal of Plaintiff's TGTLA claims at this stage of the proceedings will thwart judicial economy and result in unfairness or inconvenience to the parties. Although Defendants have not actually filed an Answer to the Complaint, the Court entered a Rule 16(b) case management order on May 23, 2016, that is, nearly eleven months ago. The Court set January 16, 2017, as the deadline for completing all discovery, and that deadline has now passed. The Court also notes

that the parties have already engaged in private mediation. A trial is currently set for June 26, 2017. Under all of the circumstances, the dismissal of Plaintiff's TGTLA claims at this stage of the proceedings risks the needless delay in the orderly progress of the case and could perhaps force the parties to duplicate that which they have already done. Therefore, Defendants' Motion is **DENIED** as to this issue.

## CONCLUSION

The Defendants' Motion to Dismiss is **GRANTED** as to the Henderson County Sheriff's Department and the individual Defendants in their official capacities. Defendants' Motion is further **GRANTED** as to any claim pursuant to the Tennessee Constitution. Defendants' Motion is **DENIED** as to Plaintiff's TGTLA claims.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE

Date: April 21, 2017.