# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

| | |
|---|---|
| CLIFFORD ROBERT WHITE, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| v. ) | No. 16-1020-STA-egb |
| ) | |
| HENDERSON COUNTY, TENNESSEE, et al.; ) | |
| ) | |
| Defendants. ) | |

## ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS

Before the Court are Defendants Western Mental Health Institute and Debora Murphy, M.D.'s Motions to Dismiss (ECF Nos. 55 & 69) filed on September 20, 2017, and October 12, 2017, respectively. Plaintiff Clifford Robert White does not oppose the dismissal without prejudice of Western Mental Health Institute for lack of subject matter jurisdiction. Plaintiff has responded in opposition to DeBora Murphy, M.D.'s Motion to Dismiss for failure to state a claim, and Dr. Murphy has filed a reply.[1] For the reasons set forth below, Defendants' Motions to Dismiss are **GRANTED**.

## BACKGROUND

Plaintiff filed his original Complaint on February 3, 2016, alleging claims for federal civil rights violations under 42 U.S.C. § 1983 and state law claims sounding in negligence. The original Complaint alleged that Plaintiff's decedent Gina Lenore White ("Ms. White") was

---

[1] In the event the Court grants Dr. Murphy's Motion to Dismiss, Plaintiff has requested that the Court preclude the Henderson County Defendants from raising Dr. Murphy's comparative fault as an affirmative defense. The Henderson County Defendants have filed a separate motion for leave to respond (ECF No. 73) to Plaintiff's request. For reasons more fully explained below, the Court declines to consider Plaintiff's request for alternative relief and **DENIES** the Henderson County Defendants' motion as moot.

arrested on or about January 1, 2015, and taken to the Henderson County Criminal Justice Center ("the jail"). In the weeks after her arrest, Ms. White experienced a dramatic decline in her health. By early February 2015, Ms. White was so ill she was no longer able to meet her own physical needs and could not control her bodily functions. The Complaint alleged that despite obvious signs Ms. White urgently needed medical care, Defendants failed to take any action to meet her serious health needs. Ms. White died in custody on February 7, 2015. Based on the facts alleged, the original Complaint asserted the following claims against Defendants under § 1983 and state law: denial of medical care; wrongful death; negligent hiring, training, and supervision; gross negligence, intentional conduct, and willful, reckless, and wanton misconduct; and liability under the Tennessee Governmental Tort Liability Act ("TGTLA").

On March 21, 2016, Defendants Henderson County, Tennessee; Sheriff Brian Duke; Anthony Woodfin; Jackie Bausman; and Eric Hatchett (collectively "the Henderson County Defendants") filed a motion for partial dismissal. One year later on March 24, 2017, this case was transferred to the undersigned for all further proceedings. On April 21, 2017, the Court granted in part and denied in part the Henderson County Defendants' motion for partial dismissal. Based on Plaintiff's concessions, the Court dismissed his claims against the Henderson County Sheriff's Department, the official capacity claims against the individual employees of Henderson County, and any claim for violation of the Tennessee Constitution. The Court accepted supplemental jurisdiction over Plaintiff's claims under the TGTLA.

Following the Court's ruling on their motion for partial dismissal, the Henderson County Defendants filed their Answer (ECF No. 34) to the original Complaint on May 8, 2017, and then

a First Amended Answer (ECF No. 36) on May 26, 2017.[2] The Henderson County Defendants' responsive pleadings alleged the comparative fault of four non-parties: Advanced Correctional Healthcare, Inc.; Derinda Lucken, LPN; Western Mental Health Institute ("WMHI"); and DeBora Murphy, M.D. ("Dr. Murphy"). In response to the Henderson County Defendants' Answer and First Amended Answer, Plaintiff filed an unopposed motion to amend his initial Complaint for the purpose of adding these non-parties as new Defendants. The Court granted Plaintiff leave to amend, and Plaintiff filed his First Amended Complaint (ECF No. 48) on August 4, 2017.

According to the First Amended Complaint, WMHI is a division of the state of Tennessee or the Tennessee Department of Mental Health, and Dr. Murphy, a psychiatrist, was at all times relevant an employee of WMHI. The First Amended Complaint restates the same allegations against the Henderson County Defendants found in the original Complaint, describing the Henderson County Defendants' treatment of Ms. White between January 29, 2015, and her death on February 7, 2015. *See* First Am. Compl. ¶ 16-45. The First Amended Complaint now alleges that some time after Ms. White's arrest on January 1, 2015, Henderson County discovered that Ms. White had previously received treatment for psychosis, bipolar disorder, and anxiety. *Id.* ¶ 17. So jail officials made the decision to send Ms. White to WMHI for evaluation and treatment. *Id.* ¶ 10. Ms. White remained at WMHI under Dr. Murphy's care from January 10, 2015, to January 29, 2015. *Id.*

---

[2] On May 26, 2017, the Court also held a second scheduling conference with the parties, at the conclusion of which the Court entered an amended scheduling order (ECF No. 39). Based on the new deadlines for discovery and filing dispositive motions, the Court reset the trial date to April 16, 2018.

Dr. Murphy diagnosed Ms. White with bipolar mania with psychotic features, narcissistic personality disorder, and hypertension/high blood pressure. *Id.* ¶ 19. Dr. Murphy prescribed a series of medications, including daily doses of Lithium, Amitriptyline, Cogentin Clondine, Prolixim, and Hydrochlorothiazide. *Id.* Upon Ms. White's release from WMHI and return to the jail, Dr. Murphy instructed the Henderson County Defendants to continue Ms. White's course of medications and to provide follow up mental health treatment. *Id.* The First Amended Complaint alleges that the Henderson County Defendants failed to follow Dr. Murphy's discharge instructions and failed to administer Ms. White's medications as prescribed by Dr. Murphy. *Id.* ¶ 21. Specifically, the Henderson County Defendants failed to provide Ms. White with all of her prescribed doses of Lithium and failed to insure that she took her medication. *Id.* ¶ 24. The Henderson County Defendants waited five days to begin giving Ms. White Lithium and allowed other inmates to administer Ms. White's medications to her. *Id.* ¶¶ 21, 24. Dr. Murphy's discharge instructions also outlined the potential symptoms of harmful drug reactions or an overdose of Lithium, symptoms which Ms. White experienced after her return to the jail. *Id.* ¶ 26. Based on a blood test conducted on February 5, 2015, two days before Ms. White's death, Ms. White had nearly three times the concentration of Lithium in her blood that she had had on January 27, 2015, the day she was discharged from WMHI. *Id.* ¶ 44.

The First Amended Complaint alleges three separate theories of fault against WMHI and Dr. Murphy. Plaintiff first alleges that both Defendants failed to provide Ms. White with appropriate medical treatment during her stay at WMHI. *Id.* ¶ 67. Second, WMHI and Dr. Murphy failed to provide adequate discharge instructions for Ms. White's ongoing care back at the Henderson County Correctional Center. This includes inadequate instructions on how jail

4

officials were to determine whether Ms. White needed additional mental health treatment. *Id.* Plaintiff describes Dr. Murphy's discharge instructions as "medically and professionally negligent," "negligently prepared," and otherwise "below the applicable standard of care." *Id.* ¶ 68. WMHI and Dr. Murphy should have known that other healthcare providers would rely on Dr. Murphy's discharge instructions to determine whether Ms. White should receive additional mental health treatment. *Id.* And as his third theory of WMHI and Dr. Murphy's liability, Plaintiff alleges that in light of the risks associated with taking the medication Lithium, Dr. Murphy had an ongoing duty to monitor Ms. White for adverse drug reactions or interactions. *Id.* ¶ 69. Dr. Murphy never followed up to assess Ms. White's progress once she returned to the jail. *Id.* ¶ 68. Plaintiff alleges that these acts and omissions of WMHI and Dr. Murphy constituted negligent and reckless deviation from the accepted standard of care. *Id.* ¶ 70.

In its Motion to Dismiss, WMHI argues that as an agency of the state of Tennessee, WMHI has Eleventh Amendment immunity from any claim. Tennessee has not waived its sovereign immunity, and Congress has not acted to abrogate Tennessee's sovereign immunity. Additionally, WMHI argues that it is not a "person" within the meaning of 42 U.S.C. § 1983, and therefore Plaintiff's section 1983 claims against WMHI will not lie. The Court should conclude then that it lacks subject matter jurisdiction over Plaintiff's claims against WMHI. In response to WMHI's Motion to Dismiss, Plaintiff acknowledges that as an agency of the State of Tennessee, WMHI has sovereign immunity from any claim under section 1983. Plaintiff further concedes that the Tennessee Claims Commission has exclusive jurisdiction over his claims against WMHI. Even though this Court lacks jurisdiction over Plaintiff's claims against WMHI, Plaintiff requests that the Court dismiss his claims against WMHI without prejudice to Plaintiff's right to

pursue the claims before the Tennessee Claims Commission. Plaintiff contests any argument that WMHI's sovereign immunity extends to Dr. Murphy.

Dr. Murphy has filed a separate Motion to Dismiss, arguing that the First Amended Complaint fails to state a section 1983 claim against her. According to Dr. Murphy, Plaintiff fails to allege that Dr. Murphy was deliberately indifferent to Ms. White's serious medical needs. The First Amended Complaint alleges that Plaintiff's decedent received care from Dr. Murphy but states in conclusory fashion that Dr. Murphy's care was "inappropriate." This is insufficient to state a claim for deliberate indifference. Once Ms. White was returned to the custody of Henderson County, Dr. Murphy had no opportunity to observe Ms. White or assess her medical needs and therefore could not have been deliberately indifferent to Ms. White's condition. Dr. Murphy also argues that the First Amended Complaint fails to allege that any negligence on Dr. Murphy's part was the proximate cause of Ms. White's death. Plaintiff's theory is that Dr. Murphy's failure to provide adequate discharge instructions and that her failure to follow up with Henderson County officials were causes of Ms. White's death. However, there is no allegation that Dr. Murphy had reason to know that Henderson County officials would not follow her discharge instructions or that follow-up contact with Henderson County officials would have resulted in improved care for Ms. White. Dr. Murphy goes on to argue that she is entitled to absolute and qualified immunity and that the Court should decline to exercise supplemental jurisdiction over the state law claims against her.

Plaintiff has filed a brief responding in opposition to Dr. Murphy's Motion to Dismiss. Under Local Rule of Court 12.1(b), "a party opposing a motion to dismiss must file a response within 28 days after the motion is served." Local R. 12.1(b). Dr. Murphy filed her Rule 12(b)(6)

6

Motion to Dismiss on October 12, 2017, and served a copy of her Motion on counsel for Plaintiff through CM-ECF.  Plaintiff thus had 28 days from October 12, 2017, in which to respond, making his brief due November 9, 2017.  Plaintiff did not file his response until November 27, 2017.  Plaintiff has not explained why his brief was over two weeks late, and Dr. Murphy has not contested the late filing of the brief.  Despite the fact that Plaintiff did not timely respond, the Court will consider the merits of Plaintiff's belated arguments.

Plaintiff contends that Dr. Murphy's Motion to Dismiss is premature because Dr. Murphy's arguments assume facts which have not yet been established.  Plaintiff first argues that Dr. Murphy has not shown that she was an employee of the State of Tennessee.  Without an evidentiary hearing to introduce proof of this fact, Dr. Murphy is not entitled to absolute immunity as a state employee.  As for qualified immunity, Dr. Murphy likewise must make an evidentiary showing that her "official conduct" did not cause a violation of Ms. White's constitutional rights.  Plaintiff has attached to his response a copy of Dr. Murphy's discharge letter, advising that Ms. White might feign impairment by "employing dramatic means, such as suicidal threats, suicidal gestures, behavioral outbursts, report of hallucinations, or puzzling complaints of medical problems . . . ."  Plaintiff argues that Dr. Murphy's opinion taken together with her failure to follow-up with jail officials about Ms. White's condition may have contributed to the jail's denial of appropriate medical care for Ms. White.  Plaintiff also cites the medical opinion of Dr. Richard M. Sobel, an opinion witness retained by the Henderson County Defendants.  Plaintiff has attached to his brief a copy of Dr. Sobel's written report in which Dr. Sobel opines that Dr. Murphy's letter had the effect of discouraging jail officials from returning Ms. White to WMHI for additional mental health treatment.  Plaintiff argues then that issues of

fact remain about whether Dr. Murphy is entitled to qualified immunity. Finally, Plaintiff argues that if the Court does dismiss Dr. Murphy as a party to the suit, then the Court should as a matter of fairness preclude the Henderson County Defendants from alleging Dr. Murphy's comparative fault.

Dr. Murphy has filed a reply. Dr. Murphy argues that under Tennessee law she is entitled to absolute immunity as a state employee. There is no need to hold an evidentiary hearing to establish the fact that Dr. Murphy was a state employee. The fact of her employment is undisputed and is alleged multiple times in the Amended Complaint. And the Court can decide Dr. Murphy's qualified immunity at the pleadings stage, Plaintiff's argument to the contrary notwithstanding. Plaintiff's response focuses on Dr. Murphy's discharge letter and failure to follow-up, not on the actual care Dr. Murphy provided to Ms. White while she was a patient at WMHI. And yet the Amended Complaint alleges that the Henderson County Defendants ignored Dr. Murphy's discharge letter. There is no allegation then that Dr. Murphy's letter was the proximate cause of the alleged denial of medical care at the jail. Even if Plaintiff could show that the Henderson County Defendants relied on the discharge letter, Dr. Sobel's opinion only shows that Dr. Murphy's remarks were negligent, not deliberately indifferent. The Amended Complaint does not allege that Dr. Murphy had reason to know of Ms. White's serious health needs once she returned to the jail. For these reasons Plaintiff has failed to allege how Dr. Murphy violated Ms. White's constitutional rights. Dr. Murphy finally argues that Plaintiff failed to respond to her arguments for the dismissal of Plaintiff's supplemental claims under Tennessee law. Therefore, the Court should treat Plaintiff's failure to respond as a waiver of the issues.

## STANDARD OF REVIEW

A defendant may move to dismiss a claim "for failure to state a claim upon which relief can be granted" under Federal Rule of Civil Procedure 12(b)(6). When considering a Rule 12(b)(6) motion, the Court must treat all of the well-pleaded allegations of the pleadings as true and construe all of the allegations in the light most favorable to the non-moving party. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Saylor v. Parker Seal Co.*, 975 F.2d 252, 254 (6th Cir. 1992). However, legal conclusions or unwarranted factual inferences need not be accepted as true. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). "To avoid dismissal under Rule 12(b)(6), a complaint must contain either direct or inferential allegations with respect to all material elements of the claim." *Wittstock v. Mark a Van Sile, Inc.*, 330 F.3d 899, 902 (6th Cir. 2003).

Under Rule 8 of the Federal Rules of Civil Procedure, a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although this standard does not require "detailed factual allegations," it does require more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal,* 556 U.S. 662, 681 (2009); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007). *See also Reilly v. Vadlamudi*, 680 F.3d 617, 622 (6th Cir. 2012) (quoting *Twombly,* 550 U.S. at 555). In order to survive a motion to dismiss, the plaintiff must allege facts that, if accepted as true, are sufficient "to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 555, 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## ANALYSIS

### I. WMHI's Motion to Dismiss

The Court first finds that WMHI's Motion to Dismiss for lack of jurisdiction is well taken and should be granted. WMHI asserts, and Plaintiff concedes, that WMHI is an agency of the State of Tennessee. The Eleventh Amendment to the United States Constitution provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. Amend. XI. The Eleventh Amendment prohibits citizens from suing their own states in federal court. *Welch v. Tex. Dep't of Highways & Pub. Transp.*, 483 U.S. 468, 472 (1987). Furthermore, the State of Tennessee has not waived its sovereign immunity. Tenn. Code Ann. § 20-13-102(a). While a state is free to "waive its sovereign immunity" and Congress has authority to abrogate a state's sovereign immunity, "absent waiver or valid abrogation, federal courts may not entertain a private person's suit against a State." *Va. Office for Protection & Advocacy v. Stewart*, 563 U.S. 247, 253-54 (2011). The Court holds that WMHI enjoys sovereign immunity from suit in this forum. Plaintiff concedes that WMHI as an agency of the state of Tennessee is not amenable to suit. Therefore, WMHI's Motion to Dismiss for lack of jurisdiction must be **GRANTED**.

Tenn. Code Ann. § 9-8-307 permits claims for money damages against the State of Tennessee to be brought exclusively before the Tennessee Claims Commission. Plaintiff requests that the Court dismiss his claims against WMHI without prejudice to bring them in the

proper forum. WMHI has not opposed Plaintiff's request. Therefore, Plaintiff's First Amended Complaint is dismissed against WMHI without prejudice to assert the same claims before the Tennessee Claims Commission. This Court expresses no opinion on the merits of any claim Plaintiff may have against WMHI.

**II. Dr. Murphy's Motion to Dismiss for Failure to State a Claim**

Turning now to Dr. Murphy's Motion to Dismiss, Plaintiff's only federal cause of action against Dr. Murphy is his allegation that Dr. Murphy violated Ms. White's constitutional right to adequate medical care. Plaintiff's claim arises under 42 U.S.C. § 1983 which provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a defendant acting under color of state law. *Adickes v. S.H. Kress & Co*., 398 U.S. 144, 150 (1970).

The denial of needed medical care implicates the Eighth Amendment's right to be free from cruel and unusual punishment. For pretrial detainees like Ms. White, the Due Process Clause of the Fourteenth Amendment incorporates the Eighth Amendment's constitutional protection to be free from cruel and unusual punishment. *Bays v. Montmorency Cnty.*, 874 F.3d 264, 268 (6th Cir. 2017) (citing *City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 243–44

11

(1983)). An Eighth Amendment claim consists of both objective and subjective components. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective component under *Farmer* requires that a prisoner have a serious medical need. *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 895 (6th Cir. 2004). "[A] medical need is objectively serious if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would readily recognize the necessity for a doctor's attention." *Id.* at 897 (internal quotation marks omitted). Serious medical needs include the need for psychological treatment. *Clark-Murphy v. Foreback*, 439 F.3d 280, 292 (6th Cir. 2006) (citations omitted). Dr. Murphy does not contest that the First Amended Complaint plausibly alleges that Ms. White suffered from a serious medical need. Dr. Murphy only challenges the sufficiency of the pleadings as to the subjective element of Plaintiff's deliberate indifference claim.

To establish the subjective component of an Eighth Amendment violation, a prisoner must demonstrate that the prison official acted with a "sufficiently culpable state of mind." *Farmer*, 511 U.S. at 834. Specifically, a plaintiff must show that the official acted with "deliberate indifference" to a substantial risk that the prisoner would suffer serious harm. *Id.* "[D]eliberate indifference describes a state of mind more blameworthy than negligence." *Id.* at 835. A state actor cannot be found liable under the Eighth Amendment unless he subjectively knows of an excessive risk of harm to an inmate's health or safety and also disregards that risk. *Id.* at 837. In this case the First Amended Complaint can be read to allege that Dr. Murphy (1) failed to provide adequate treatment during Ms. White's hospitalization at WMHI, (2) failed to provide adequate discharge instructions for Ms. White's care after she left WMHI, and (3) failed to follow up to ensure that Ms. White was receiving care in accordance with Dr. Murphy's

12

discharge instructions. However, the Court holds that the First Amended Complaint has not plausibly alleged that Dr. Murphy was deliberately indifferent to Ms. White's serious medical needs.

Plaintiff has failed to state a claim for Dr. Murphy's deliberate indifference under any of the theories articulated in the First Amended Complaint. Where a detainee has received some medical treatment, "federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Burgess v. Fischer*, 735 F.3d 462, 476 (6th Cir. 2013) (quoting *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976)). This means that a state actor who provides some treatment will be liable for a constitutional breach "only if the treatment is so cursory as to amount to a conscious disregard for the inmate's needs." *Bays*, 874 F.3d at 269 (quoting *Rouster v. Cnty. of Saginaw*, 749 F.3d 437, 448 (6th Cir. 2014)). The First Amended Complaint pleads that Dr. Murphy diagnosed several health issues in Ms. White's case and prescribed medication to treat each condition. Plaintiff further alleges that Dr. Murphy provided discharge instructions for Ms. White's care along with prescriptions for Ms. White's medications. Plaintiff actually alleges that the Henderson County Defendants were deliberately indifferent to Ms. White's medical condition, in part because Defendants ignored Dr. Murphy's discharge instructions.

In sum, Dr. Murphy diagnosed Ms. White's conditions and in the exercise of her professional judgment arrived at a course of treatment to address those conditions and communicated instructions to the Henderson County Defendants for Ms. White's ongoing care. The First Amended Complaint contains no facts to establish that Dr. Murphy's treatment was so minimal as to evidence a disregard for Ms. White's needs. Plaintiff might be able to establish

that Dr. Murphy's diagnosis and treatment breached the applicable standard of care. However, the allegations against Dr. Murphy merely sound in negligence and do not rise to the level of deliberate indifference. Therefore, the Court concludes that the First Amended Complaint fails to state a claim against Dr. Murphy for the care she provided to Ms. White at WMHI or for the adequacy of Dr. Murphy's discharge instructions for Ms. White's ongoing care. Dr. Murphy's Motion to Dismiss is **GRANTED** as to these section 1983 claims.

This leaves Plaintiff's claim that Dr. Murphy had a duty to verify that the Henderson County Defendants were following Dr. Murphy's care plan for Ms. White after Ms. White had left WMHI and returned to the jail. To plead such a claim, Plaintiff must show that Dr. Murphy was somehow "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists." *Mattox v. Edelman*, 851 F.3d 583, 597 (6th Cir. 2017) (citing *Farmer*, 511 U.S. at 837). The First Amended Complaint alleges no such facts. From the pleadings Dr. Murphy was obviously aware of Ms. White's serious medical needs while Ms. White was her patient at WMHI. But there are no facts in the pleadings to suggest that Dr. Murphy was aware of a substantial risk that Ms. White's condition would deteriorate from the time she left WMHI until the time of her death at the jail. Nor are there any facts to show that Dr. Murphy should have somehow known that the Henderson County Defendants would not follow Dr. Murphy's discharge instructions and would not administer Ms. White's medications in accordance with Dr. Murphy's directions. There is simply nothing in the First Amended Complaint to suggest that Dr. Murphy's failure to conduct any follow up on Ms. White's condition amounts to deliberate indifference.

Having concluded that the First Amended Complaint fails to state a claim for deliberate indifference, it is unnecessary for the Court to reach Dr. Murphy's arguments on proximate causation or qualified immunity. Dr. Murphy's Motion to Dismiss is **GRANTED** as to Plaintiff's section 1983 claims. As for Plaintiff's remaining state law claims against Dr. Murphy, Dr. Murphy argues that she has absolute state employee immunity under Tennessee law. The Court agrees. "Tenn. Code Ann. § 9-8-307(h) immunizes state officers and employees from liability for acts or omissions within the scope of the officer's or employee's office or employment, except for willful, malicious, or criminal acts" or "acts or omissions done for personal gain." *Parks v. Conley*, 178 F.3d 1295, 1999 WL 195740, at *2 (6th Cir. Nov. 1, 1999) (citing *Walker v. Norris*, 917 F.2d 1449, 1458 (6th Cir. 1990)); *see also Shelburne v. Frontier Health*, 126 S.W.3d 838, 841 (Tenn. 2003). The First Amended Complaint alleges that Dr. Murphy is an agent or employee of WMHI, which is in turn an agency of the state of Tennessee or the Tennessee Department of Mental Health. First. Am. Compl. ¶ 12. The First Amended Complaint further alleges that Dr. Murphy was at all times relevant acting within the scope of her employment. *Id.* But nothing in the First Amended Complaint suggests that Dr. Murphy acted or failed to act willfully, maliciously, in a criminal manner, or for personal gain. As a result, the Court concludes that Dr. Murphy enjoys absolute immunity from suit for money damages under Tenn. Code Ann. § 9-8-307(h). Dr. Murphy's Motion to Dismiss Plaintiff's state law claims against her is therefore **GRANTED**.

Plaintiff argues generally that the Court should require Dr. Murphy to establish certain facts, including the fact that she is an employee of the State of Tennessee, at an evidentiary hearing. But the Court's analysis of the issues at the pleadings stage is confined to the well-

pleaded factual allegations of Plaintiff's Amended Complaint. The Amended Complaint plainly and consistently alleges that Dr. Murphy is a state employee. Under the circumstances, an evidentiary hearing is not warranted. Plaintiff further argues that the Court should not decide the qualified immunity issue without first allowing the parties to engage in discovery and develop additional proof. The Court need not reach this argument to decide Dr. Murphy's Motion to Dismiss. Plaintiff's section 1983 claim against Dr. Murphy is subject to dismissal for failure to allege an essential element of the claim, not because Dr. Murphy is entitled to qualified immunity.

This leaves Plaintiff's request that the Court preclude the Henderson County Defendants from alleging the comparative fault of Dr. Murphy. Plaintiff has cited the testimony of a medical opinion witness disclosed by the Henderson County Defendants and attached a copy of the witness's report to her response brief. The Court declines to consider the report for purposes of Dr. Murphy's Motion to Dismiss because the report is a matter outside of the pleadings. The Court also declines to reach Plaintiff's request for relief as to the Henderson County Defendants at this time. The Court's ruling is that the Amended Complaint fails to state a plausible section 1983 claim against Dr. Murphy and that Dr. Murphy enjoys absolute immunity from all other claims under Tennessee law. More fundamentally, the question of comparative fault is not squarely presented in Dr. Murphy's Motion to Dismiss. Plaintiff raises the issue in a single sentence without citation to any legal authority supporting the request and only in response to Dr. Murphy's Motion to Dismiss. The Henderson County Defendants have filed a Motion for Leave to Respond (ECF No. 73) to Plaintiff's request. Rather than decide the issue under the current procedural posture, the better course is for Plaintiff as the requesting party to brief the issue fully

in a separate motion accompanied by a well-developed memorandum of law. The Henderson County Defendants will then have an opportunity to be heard on the issue.

## **CONCLUSION**

WMHI's Motion to Dismiss is **GRANTED** for lack of subject matter jurisdiction. The dismissal of Plaintiff's claims against WMHI is without prejudice to Plaintiff's right to bring the claims before the Tennessee Claims Commission. Dr. Murphy's Motion to Dismiss is **GRANTED**. The First Amended Complaint fails to state a federal claim under section 1983 against Dr. Murphy for deliberate indifference to Ms. White's serious medical needs, and Dr. Murphy enjoys absolute immunity from suit on all of Plaintiff's claims under Tennessee law.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE

Date: December 29, 2017.