IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| CLIFFORD ROBERT WHITE, individually, and as Administrator and heir at law of the Estate of Gina Lenore White, deceased, | ) ) ) ) | |
| *Plaintiffs*, | ) ) | |
| v. | ) ) | No. 1:16-cv-01020-STA-egb |
| HENDERSON COUNTY, TENNESSEE, et al. | ) ) | |
| *Defendants*. | ) | |

ORDER ADMINISTRATIVELY CLOSING CASE

On February 12, 2019, the parties' mediator filed a Mediation Certification (ECF No. 106) reporting that the parties had resolved their dispute. In light of the settlement, the Court entered an order on March 11, 2019, denying Defendants' Rule 56 motion as moot. Under the circumstances, the Court finds good cause to administratively close this matter pursuant to its inherent powers. An order administratively closing a case is purely an administrative device for the convenience of the Court and in no wise affects the substantive and/or procedural rights of the parties in interest to proceed before this Court at a later date. To administratively close a case merely means to close a case for statistical purposes in the Office of the Clerk of Court and the Administrative Office of the United States Courts. An administratively closed case can be easily reopened by motion of the parties and order of the Court. Once reopened, a case returns to the Court's active docket and resumes the same status it had before the administrative closing without prejudice to the rights of any party in interest.

Based on the parties' recent settlement of this case, the Court finds that no further action of the Court is required at this time. Therefore, the Clerk of Court is ordered to close this case administratively. If the parties file a stipulation of dismissal, the Clerk is directed to enter judgment.

**IT IS SO ORDERED**.

**s/ S. Thomas Anderson**
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE

Date: March 29, 2019